178          T., P. & W. R. R. Co. *v.* ARNOLD.          [Sept. T.,

Syllabus.          Statement of the case.

## TOLEDO, PEORIA & WARSAW RAILWAY COMPANY

*v.*

## MARTIN ARNOLD.

1. CAUSE OF ACTION—*where injury complained of occurred after suit brought—can be no recovery*. In an action on the case against a railway company, to recover damages for stock alleged to have been killed by the defendants' cars, the proof showed, that a part of the injury complained of, and for which the plaintiff recovered, was not sustained until after the commencement of the suit: *Held*, that as to the stock killed after suit brought, a recovery could not be had.

2. EVIDENCE—*in an action against a railway company for stock killed—what will be considered sufficient proof that the injury was done by defendants' trains*. And in such case, where there is no positive proof that the defendants operated the railway, which it is claimed committed the injury, but such fact is inferentially shown by the fact, the defendant was incorporated by the name it bears, at a session of the legislature next previous to the injury complained of,—under such circumstances, the inference is, that such injury was done by the defendants' road, there being no proof that any other road was operated in that portion of the county where the damage was done.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was an action of trespass on the case, brought by the defendant in error against the plaintiff in error, in the circuit court of Tazewell county, to recover damages for stock alleged to have been killed by defendant's railroad, by reason of its failure to fence its road. The cause was tried before the court and a jury, and judgment rendered in favor of plaintiff for $440, to reverse which, the record is brought to this court by writ of error.

Messrs. INGERSOLL, PUTERBAUGH & McCUNE, for the plaintiff in error.

Messrs. Prettyman & Richmond, for the defendant in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

The first point made by plaintiff in error is well taken. The record shows the suit was commenced August 16, 1865, and the proof is, that the heifer, worth $30, was killed in October thereafter, and the hog was killed in September, one month after the commencement of the suit, and of the value of $30.

The plaintiff recovered the value of these animals, which he had no right to do.

As to the mare worth $170, there is some discrepancy in the proof, and we leave that for the consideration of another jury.

Upon the other point, there seems to have been no positive proof that the plaintiff in error operated the railroad, but it is inferentially shown, by the fact that the plaintiffs were incorporated by the name they bear, at the session of the legislature next previous to the injury complained of, so that, it must have been their road that did the injury, if no other road was operated in that section of the county, of which there is no suggestion either way. The inference, under the circumstances, is a fair one, that it was the road of plaintiff in error.

For the reasons given, the judgment must be reversed and the cause remanded.

*Judgment reversed.*